## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IGOR GEORGIEV, SANJAR ORTIKOV, and SEMEN SEREDENKO, on behalf of themselves and others similarly situated, <br><br>             Plaintiffs, <br><br>       v. <br><br> ADSAD, LLC d/b/a ONEGIN RESTAURANT, ALEKSANDER SHAPIRO, and JACOB RIFKIN, in their individual and professional capacities, <br><br>             Defendants. | Index No.: 1:19-cv-122 <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Igor Georgiev, Sanjar Ortikov, and Semen Seredenko (together, "Plaintiffs"), on behalf of themselves and all other similarly situated individuals, by and through their undersigned attorneys, Faruqi & Faruqi, LLP, hereby allege as follows against Defendants Adsad, LLC d/b/a Onegin Restaurant ("Onegin" or the "Restaurant"), Aleksander Shapiro, and Jacob Rifkin (collectively, "Defendants"):

### NATURE OF ACTION

1.      Plaintiffs, on behalf of themselves and all other similarly situated individuals who have been employed by Defendants as Bussers or Runners at any time during the full statute of limitations period, bring this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), New York Labor Law, N.Y. Lab. Law §§ 190, *et seq.* ("NYLL"), and all applicable regulations thereunder, including, without limitation, the Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.1, *et seq*.

2.      Defendants require all of their Bussers and Runners to work without wages and rely solely upon tips for compensation.

3.      Moreover, Defendants fail to furnish any of their employees with Notices of Pay Rate or any wage statements at all, as required by law.

4.      Mr. Seredenko and Mr. Ortikov's claims against Defendants to redress these wrongs are brought, in part, under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), and applicable regulations thereunder, on behalf of themselves and all other similarly situated Bussers and Runners (defined *infra* at ¶ 31) employed by Defendants at any time during the full statute of limitations period.

5.      Plaintiffs' claims are also brought, in part, under the NYLL, and applicable regulations thereunder, as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other similarly situated Bussers and Runners (defined *infra* at ¶ 31) employed by Defendants at any time during the full statute of limitations period.

## JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.

7.      The Court also has supplemental jurisdiction over Plaintiffs' related claims arising under State law pursuant to 28 U.S.C. § 1367.

8.      Venue is proper under 28 U.S.C. § 1391 because Defendants' principal place of business is located in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

**A.    Plaintiff Igor Georgiev**

9.      Plaintiff Igor Georgiev is a resident of New York City and was employed by Defendants as a Busser and Runner from approximately June 2, 2014 through October 30, 2015.

10.     At all relevant times, Mr. Georgiev was an "employee" within the meaning of all applicable statutes and regulations.

**B.      Plaintiff Sanjar Ortikov**

11.     Plaintiff Sanjar Ortikov is a resident of New York City and was employed by Defendants as a Busser and Runner from approximately May 20, 2014 through March 15, 2016.

12.     At all relevant times, Mr. Ortikov was an "employee" within the meaning of all applicable statutes and regulations.

**C.      Plaintiff Semen Seredenko**

13.     Plaintiff Semen Seredenko is a resident of New York City and was employed by Defendants as a Busser from approximately July 14, 2014 through October 31, 2016.

14.     At all relevant times, Mr. Seredenko was an "employee" within the meaning of all applicable statutes and regulations.

**D.      Defendant Adsad, LLC d/b/a Onegin Restaurant**

15.     Defendant Adsad, LLC d/b/a Onegin Restaurant is a limited liability company with its principal place of business located in New York, New York.

16.     At all relevant times, Adsad, LLC d/b/a Onegin Restaurant controlled and directed the terms of employment and compensation of Plaintiffs and all similarly situated persons.

17.     At all relevant times, Adsad, LLC d/b/a Onegin Restaurant maintained and exercised its power to hire, fire, discipline, and promote Plaintiffs and all similarly situated persons.

18.     At all relevant times, Adsad, LLC d/b/a Onegin Restaurant maintained control, oversight, and direction of Plaintiffs and all similarly situated persons, including timekeeping,

work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to them.

19.     At all relevant times, Adsad, LLC d/b/a Onegin Restaurant was an "employer" within the meaning of all applicable statutes and regulations.

**E.     Defendant Aleksander Shapiro**

20.     Defendant Aleksander Shapiro is the President of Onegin and resides in Newark, New Jersey.

21.     At all relevant times, Aleksander Shapiro controlled and directed the terms of employment and compensation of Plaintiffs and all similarly situated persons.

22.     At all relevant times, Aleksander Shapiro maintained and exercised its power to hire, fire, discipline, and promote Plaintiffs and all similarly situated persons.

23.     At all relevant times, Aleksander Shapiro maintained control, oversight, and direction of Plaintiffs and all similarly situated persons, including timekeeping, work allocation, manner of performing work, task supervision, monitoring work product, payroll, and other employment practices that applied to them.

24.     At all relevant times, Aleksander Shapiro was an "employer" within the meaning of all applicable statutes and regulations.

**F.     Defendant Jacob Rifkin**

25.     Defendant Jacob Rifkin is the General Manager of Onegin and resides in New York City.

26.     At all relevant times, Jacob Rifkin controlled and directed the terms of employment and compensation of Plaintiffs and all similarly situated persons.

27.     At all relevant times, Jacob Rifkin maintained and exercised its power to hire, fire, discipline, and promote Plaintiffs and all similarly situated persons.

28.     At all relevant times, Jacob Rifkin maintained control, oversight, and direction of Plaintiffs and all similarly situated persons, including timekeeping, work allocation, manner of performing work, task supervision, monitoring work product, payroll, and other employment practices that applied to them.

29.     At all relevant times, Jacob Rifkin was an "employer" within the meaning of all applicable statutes and regulations.

## FACTS

**A.     Background**

30.     Defendants own a Russian restaurant, Onegin, in the Greenwich Village neighborhood in New York City.

31.     Onegin, which opened in approximately the fall of 2011, is located at 391 Sixth Avenue, New York, New York 10014.

32.     At any given time, Defendants employ a staff of approximately 33-40 employees.

33.     Defendants' employees hold various titles, including, *inter alia*: (i) Server; (ii) Busser; (iii) Runner; (iv) Bartender; (v) Chef; (vi) Barback; (vii) Host; (viii) Coat Check Attendant; and (ix) Porter.

34.     Bussers and Runners assist Servers by cleaning tables, taking plates, utensils and drinkware to the kitchen to be washed, filling diners' water glasses, resetting tables for additional diners, carrying food to the diner's tables, and washing floors and bathrooms.

35.     Bussers and Runners typically work an average of 30 to 60 hours per week.

**B.**    <u>Failure to Pay Minimum, Overtime, and Spread of Hours Wages</u>

36.    Defendants engage in a common pattern and practice of deliberately denying Bussers and Runners minimum and overtime wages.

37.    Defendants systematically fail to pay Bussers and Runners any wages at all.

38.    Bussers and Runners solely receive compensation through the gratuities that are earned during their shift.

39.    Further, Defendants do not furnish any of their Bussers and Runners with "spread of hours pay," or an additional hour of pay at the State minimum wage rate on each day where the length of interval between the beginning and end of a work day exceeds 10 hours.

40.    Indeed, Defendants do not pay any hourly wages at any point to any of the Bussers and Runners.

41.    Defendants' practice results in Bussers and Runners being paid ***zero hourly wages*** – well below the federal and State minimum wage rates for as many as 80 hours in a given week.

**C.**    <u>Failure to Provide Notices of Pay Rate and Wage Statements</u>

42.    The NYLL also requires that Defendants provide employees, "at the time of hiring, a notice containing the following information:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;  the regular pay day designated by the employer [ ];  the name of the employer;  any 'doing business as' names used by the employer;  the physical address of the employer's main office or principal place of business, and a mailing address if different;  the telephone number of the employer;  plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

43.    Throughout the statutory period, Defendants have never provided a Notice of Pay Rate to Bussers and Runners.

44.    Further, the NYLL requires that Defendants furnish their employees with accurate wage statements with each payment of wages.

45.    Defendants similarly failed to furnish any of the Bussers and Runners with any wage statements at all during the entire statutory period.

46.    Additionally, Defendants have never provided a Notice of Tip Credit to any of their Bussers and Runners during the statutory period.

**D.    Plaintiff Igor Georgiev**

**i.    Background**

47.    Mr. Georgiev worked for Defendants as a Busser and Runner from June 2, 2014 through October 30, 2015.

48.    Each shift, Mr. Georgiev would clean tables, take plates, utensils and drinkware to the kitchen to be washed, carry food to the diner's tables, fill diners' water glasses, reset tables for additional diners, and wash floors and bathrooms.

49.    During his employment, Mr. Georgiev was given direction from Mr. Shapiro and Mr. Rifkin on how to organize the layout of tables on the floor, how to carry food to diners' tables, how to interact with customers, and how to clean the tables.

50.    Mr. Georgiev was personally disciplined by both Mr. Shapiro and Mr. Rifkin.

51.    Mr. Georgiev routinely witnessed Mr. Shapiro and Mr. Rifkin discipline Bussers and Runners for the manner in which they carried plates, cleaned tables, and wore their uniforms.

52.    Mr. Rifkin further directed Mr. Georgiev to come in on days when the Restaurant was short-staffed.

53.     Mr. Rifkin determined the shifts that Mr. Georgiev would work at the Restaurant.

54.     Mr. Georgiev typically worked four to five days per week for an average of 45 to 60 hours per week.

55.     Mr. Georgiev received zero hourly wages from the Defendants for all hours worked during the entire time of his employment with Defendants.

**ii.     Wage Violations**

56.     At the outset of Mr. Georgiev's employment, Mr. Rifkin and Mr. Shapiro informed Mr. Georgiev that Defendants would not pay him any wages and that Mr. Georgiev would solely receive compensation through gratuities earned during the shifts he worked.

57.     Mr. Georgiev ***never*** received any compensation from Defendants for any hours worked.

58.     This resulted in Mr. Georgiev being paid well below the federal and State minimum wage rates for as many as 80 hours in a given week.

59.     Further, Mr. Georgiev was ***never*** paid one and one-half times minimum wage for any hours worked in excess of 40 hours in a workweek.

60.     By way of example only, from September 22, 2014 until September 28, 2014, Mr. Georgiev was scheduled to work one 14.5-hour shift, one 11.5-hour shift and two 15-hour shifts, for a total of 56 hours.

61.     Mr. Georgiev did not receive any compensation at all from Defendants for the 56 hours that he worked between September 22, 2014 until September 28, 2014.

62.     Mr. Georgiev did not receive any spread of hours pay for the four shifts that he worked which exceeded 10 hours in length.

63.    Mr. Georgiev's sole compensation between September 22, 2014 until September 28, 2014 was the tips that he received while he was working his shifts.

64.    Indeed, Defendants did not pay Mr. Georgiev any wages at all for any of 56 hours of work he performed that week.

65.    At no time during his employment did Defendants pay him a single dollar for any hours worked.

66.    Mr. Georgiev had numerous conversations with other Bussers and Runners, throughout the relevant time period, and all of them have confirmed that they were paid – more precisely *not paid* – in exactly the same manner as Mr. Georgiev was.

67.    At no time during his employment at Defendants did Mr. Georgiev receive a Notice of Tip Credit.

68.    At no time during his employment at Defendants did Mr. Georgiev receive a Notice of Pay Rate.

69.    At no time during his employment did Defendants furnish Mr. Georgiev with any wage statements at all.

**E.    Plaintiff Sanjar Ortikov**

**i.    Background**

70.    Mr. Ortikov worked for Defendants as a Busser and Runner from approximately May 20, 2014 through March 15, 2016.

71.    Each shift, Mr. Ortikov would clean tables, take plates, utensils and drinkware to the kitchen to be washed, carry food to diners' tables, fill diners' water glasses, reset tables for additional diners, and wash floors and bathrooms.

72.     Mr. Rifkin instructed Mr. Ortikov on the manner in which he should perform his work, such as how to carry plates to the tables and how to interact with customers.

73.     Mr. Ortikov occasionally witnessed Mr. Shapiro and Mr. Rifkin discipline Bussers and Runners for how they carried plates, cleaned tables, set up the tables, and wore their uniforms.

74.     Mr. Rifkin directed Mr. Ortikov to come in on days when the Restaurant was short-staffed.

75.     Mr. Ortikov typically worked two to four days for an average of 30 to 42 hours per week.

**ii.      Wage Violations**

76.     At the outset of Mr. Ortikov's employment, Defendants informed him that they would not pay him any wages and that Mr. Ortikov would solely receive compensation through gratuities earned during the shifts he worked.

77.     Mr. Ortikov ***never*** received any compensation from Defendants for any hours worked.

78.     This resulted in Mr. Ortikov being paid well below the federal and State minimum wage rates for as many as 43 hours in a given week.

79.     Further, Mr. Ortikov was ***never*** paid one and one-half times minimum wage for any hours worked in excess of 40 hours in a workweek.

80.     By way of example only, from September 29, 2014 until October 5, 2014, Mr. Ortikov was scheduled to work one shift of 13 hours and two shifts of 15 hours, for a total of 43 hours.

81.     Mr. Ortikov did not receive any compensation at all from Defendants for the 43 hours that he worked between September 29, 2014 until October 5, 2014.

82.    Mr. Ortikov did not receive any spread of hours pay for the three shifts that he worked which exceeded 10 hours in length.

83.    Mr. Ortikov's sole compensation between September 29, 2014 until October 5, 2014 was the tips that he received while he was working his shifts.

84.    Indeed, Defendants did not pay Mr. Ortikov any wages at all for any of the 43 hours of work he performed that week.

85.    At no time during his employment did Defendants pay him a single dollar for any hours worked.

86.    Mr. Ortikov had numerous conversations with other Bussers and Runners, throughout the relevant time period, and all of them have confirmed that they were paid – more precisely *not paid* – in exactly the same manner as Mr. Ortikov was.

87.    At no time during his employment at Defendants did Mr. Ortikov receive a Notice of Tip Credit.

88.    At no time during his employment at Defendants did Mr. Ortikov receive a Notice of Pay Rate.

89.    At no time during his employment at Defendants furnish Mr. Ortikov with any wage statements at all.

**F.    Plaintiff Semen Seredenko**

    **i.    Background**

90.    Mr. Seredenko worked for Defendants as a Busser from approximately July 14, 2014 through October 31, 2016.

91.    Each shift, Mr. Seredenko would clean tables, take plates, utensils and drinkware to the kitchen to be washed, carry food to diners' tables, fill diners' water glasses, reset tables for

additional diners, and wash floors and bathrooms.

92.    During his employment, Mr. Seredenko was given direction from Mr. Shapiro and Mr. Rifkin on how to organize the layout of tables on the floor and carry food to diners' tables.

93.    Mr. Rifkin further directed Mr. Seredenko to come in on days when the Restaurant was short-staffed.

94.    On several occasions, Mr. Seredenko witnessed Mr. Shapiro and Mr. Rifkin discipline Bussers and Runners for the manner in which they performed their work.

95.    Mr. Seredenko typically worked four to five days for an average of 45 to 60 hours per week.

**ii.    Wage Violations**

96.    At the outset of Mr. Seredenko's employment, Defendants informed him that they would not pay him any wages and that Mr. Seredenko would solely receive compensation through gratuities earned during the shifts he worked.

97.    Mr. Seredenko ***never*** received any compensation from Defendants for any hours worked.

98.    This resulted in Mr. Seredenko being paid well below the federal and State minimum wage rates for as many as 80 hours in a given week.

99.    Further, Mr. Seredenko was ***never*** paid one and one-half times minimum wage for any hours worked in excess of 40 hours in a workweek.

100.    By way of example only, from January 5, 2015 until January 11, 2015, Mr. Seredenko was scheduled to work two 14.5-hour shifts, two 15-hour shifts and one 14-hour shift, for a total of 73 hours.

101.    Mr. Seredenko did not receive any compensation at all from Defendants for the 73 hours that he worked between January 5, 2015 until January 11, 2015.

102.    Mr. Seredenko did not receive any spread of hours pay for the five shifts that he worked which exceeded 10 hours in length.

103.    Mr. Seredenko's sole compensation between January 5, 2015 until January 11, 2015 was the tips that he received while he was working his shifts.

104.    Indeed, Defendants did not pay Mr. Seredenko any wages at all for any of the 73 hours of work he performed that week.

105.    At no time during his employment did Defendants pay him a single dollar for any hours worked.

106.    Mr. Seredenko had numerous conversations with other Bussers and Runners, throughout the relevant time period, and all of them have confirmed that they were paid – more precisely *not paid* – in exactly the same manner as Mr. Seredenko was.

107.    At no time during his employment at Defendants did Mr. Seredenko receive a Notice of Tip Credit.

108.    At no time during his employment at Defendants did Mr. Seredenko receive a Notice of Pay Rate.

109.    At no time during his employment did Defendants furnish Mr. Seredenko with any wage statements at all.

## FLSA COLLECTIVE ACTION ALLEGATIONS

110.    Mr. Seredenko and Mr. Ortikov bring this action, in part, as a collective action under the FLSA and applicable regulations thereunder.

111.    Mr. Seredenko and Mr. Ortikov seek to maintain claims, pursuant to FLSA §
216(b), on behalf of themselves and all other Bussers and Servers who have been employed by
Defendants at any time during the full statute of limitations period (the "FLSA Collective").

112.    At all relevant times, Mr. Seredenko, Mr. Ortikov, and the FLSA Collective were
similarly situated, had substantially similar job requirements, were paid in the same manner and
under the same common policies, plans, and scheme, and were subject to Defendants' practices
of: (i) failing to compensate Plaintiffs and the FLSA Collective at the federal minimum wage for
all hours worked under 40 hours in a workweek; and (ii) failing to compensate Plaintiffs and the
FLSA Collective at one and one-half times their regular rate of pay for all hours worked in excess
of 40 hours in a workweek.

113.    Throughout the full statute of limitations period, Defendants have been fully aware
of the duties performed by Mr. Seredenko, Mr. Ortikov, and the FLSA Collective, and that those
duties were not exempt from the provisions of the FLSA.

114.    Defendants' violations of the FLSA have been willful, repeated, knowing,
intentional, and without a good faith basis, and have significantly damaged Mr. Seredenko, Mr.
Ortikov, and the FLSA Collective.

115.    As a result of Defendants' conduct, they are liable to Mr. Seredenko, Mr. Ortikov,
and the FLSA Collective for the full amount of their unpaid wages, with interest, an additional
equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Mr. Seredenko,
Mr. Ortikov, and the FLSA Collective.

116.    While the exact number of the FLSA Collective is unknown to Mr. Seredenko and
Mr. Ortikov at this time, and can only be ascertained through appropriate discovery, Plaintiffs

believe there are approximately 50 to 60 other similarly situated persons who were employed by Defendants during the full statute of limitations period.

117.    Mr. Seredenko and Mr. Ortikov are currently unaware of the identities of the members of the FLSA Collective.

118.    Accordingly, Defendants should be required to provide Mr. Seredenko and Mr. Ortikov with a list of all persons employed by Defendants during the full statute of limitations period, along with their last known addresses, telephone numbers, and email addresses, so Mr. Seredenko and Mr. Ortikov can give the members of the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

119.    Plaintiffs also bring this action, in part, as a class action under the NYLL and applicable regulations thereunder.

**A.    Class Definition**

120.    Plaintiffs seek to maintain claims, pursuant to FRCP 23, on behalf of themselves and a class of all other similarly situated persons who have been employed by Defendants as Bussers or Runners during the full statute of limitations period (the "NYLL Class").

121.    Plaintiffs allege, on behalf of themselves and the NYLL Class, that Defendants violated, *inter alia*, the NYLL by: (i) failing to compensate Plaintiffs and the NYLL Class at the State minimum wage for all hours worked under 40 hours in a workweek; (ii) failing to compensate Plaintiffs and the NYLL Class at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; (iii) failing to compensate Plaintiffs and the NYLL Class spread of hours pay for all shifts that exceeded 10 hours in a day; (iv) failing to provide Notices of Pay Rate; and (v) failing to provide accurate wage statements.

122.    Plaintiffs and the NYLL Class have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

123.    The wage practices described in this Complaint are part of Defendants' normal course of conduct.

124.    The claims brought pursuant to the NYLL may be pursued by all similarly situated persons who do not opt out of the NYLL Class, pursuant to FRCP 23.

**B.    Requirements of Rule 23(a)**

**i.    Numerosity and Impracticability of Joinder**

125.    The members of the NYLL Class are so numerous that joinder of all members is impracticable.

126.    While the exact number of the members of the NYLL Class are unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are approximately eighty (80) members of the NYLL Class.

127.    Therefore, the numerosity requirement of FRCP 23(a) is satisfied.

**ii.    Common Questions of Law and Fact**

128.    Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the NYLL Class and predominate over any questions only affecting the members of the NYLL Class individually.

129.    Indeed, there are few, if any, purely individual issues in this action.

130.    The questions of law and fact that are common to Plaintiffs and the NYLL Class include, but are not limited to:

(a)    whether Plaintiffs and the NYLL Class were paid minimum wages by Defendants;

(b)      whether Plaintiffs and the NYLL Class were paid overtime wages from Defendants for hours worked over 40 in a workweek;

(c)      whether Plaintiffs and the NYLL Class were paid spread of hours pay on days when the start and end of their shifts exceeded 10 hours;

(d)      whether Plaintiffs and the NYLL Class were furnished Notices of Pay Rate;

(e)      whether Plaintiffs and the NYLL Class were furnished accurate wage statements; and

(f)      whether Plaintiffs and the NYLL Class are entitled to liquidated damages and injunctive relief.

131.    Therefore, the common questions requirement of FRCP 23(a) is satisfied.

**iii.    Typicality of Claims and Relief Sought**

132.    Plaintiffs' claims are typical of the claims of the members of the NYLL Class they seek to represent.

133.    Plaintiffs and the NYLL Class work, or have worked, for Defendants and are, or were, subject to the same compensation policies and practices.

134.    The wage practices suffered by Plaintiffs, and the damages resulting therefrom, are typical of Defendants' treatment of their Bussers and Runners generally, and of the NYLL Class specifically.

135.    Therefore, the typicality requirement of FRCP 23(a) is satisfied.

**iv.    Adequacy of Representation**

136.    Plaintiffs will fairly and adequately protect the interests of the NYLL Class because their interests are coextensive and aligned with those of the members of the NYLL Class.

137. Plaintiffs have no interests adverse to the NYLL Class they seek to represent, and have retained competent and experienced counsel.

138. Plaintiffs are willing and able to represent the NYLL Class as fairly and vigorously as they pursue their similar individual claims.

139. Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation and who are able to meet the demands necessary to litigate a class action of this size and complexity.

140. The combined interests, experience, and resources of Plaintiffs and their counsel to competently litigate the individual and NYLL Class claims at issue in the instant action satisfy the adequacy of representation requirement of FRCP 23(a).

**C.    Requirements of Rule 23(b)(1)**

141. Without certification of the NYLL Class, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

142. Accordingly, certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class, and Defendants.

143. By filing this Complaint, Plaintiffs are preserving the rights of the NYLL Class with respect to the statute of limitations on their claims.

144. Therefore, not certifying a class would substantially impair and/or impede the remaining members of the NYLL Class's ability to protect their interests.

**D.    Requirements of Rule 23(b)(2)**

145. Defendants acted on grounds, described herein, generally applicable to Plaintiffs

and the NYLL Class by denying Plaintiffs and the NYLL Class minimum and overtime wages, failing to pay spread of hours compensation, and failing to furnish Notices of Pay Rate and accurate wage statements.

146.    These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiffs and the NYLL Class as a whole.

147.    Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, spread of hours compensation, Notices of Pay Rate, and accurate wage statements.

148.    Declaratory and injunctive relief are the factual and legal predicates for Plaintiffs' and the NYLL Class's entitlement to monetary and non-monetary remedies for such wage violations.

149.    Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**E.    Requirements of Rule 23(b)(3)**

150.    The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class – including, without limitation, the common issues identified in the paragraphs above – predominate over issues affecting only individual claims.

151.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.

152.    The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the NYLL Class to pursue their claims individually.

153.    This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the NYLL Class (they must have worked for Defendants as Bussers or Runners during the statutory period), as well as the common questions of law and fact described herein.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FLSA: FAILURE TO PAY MINIMUM WAGES
*(On Behalf of the FLSA Collective)*

154.    Mr. Seredenko and Mr. Ortikov, on behalf of themselves and the FLSA Collective, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

155.    During the full statutory period, Mr. Seredenko, Mr. Ortikov, and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and applicable regulations thereunder.

156.    The FLSA requires covered employers, including Defendants, to compensate Bussers and Runners at a rate not less than the federal minimum wage for all hours worked under 40 hours in a workweek.

157.    Mr. Seredenko, Mr. Ortikov, and the FLSA Collective were not exempt from the requirement that their employer pay them minimum wages under the FLSA, and they are entitled to be paid minimum wages by Defendants for all hours worked under 40 hours in a workweek during the full statute of limitations period.

158.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Mr. Seredenko, Mr. Ortikov, and the FLSA Collective at a rate not less than the federal minimum wage for all hours worked under 40 hours in a workweek.

159.    As a result of Defendants' failure to compensate Mr. Seredenko, Mr. Ortikov, and the FLSA Collective at a rate not less than the federal minimum wage for all hours worked under 40 hours in a workweek, Defendants have violated the FLSA.

160.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Mr. Seredenko, Mr. Ortikov, and the FLSA Collective in accordance with the FLSA and/or applicable regulations thereunder.

161.    Defendants' violations of the FLSA have significantly damaged Mr. Seredenko, Mr. Ortikov, and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME
### *(On Behalf of the FLSA Collective)*

162.    Mr. Seredenko and Mr. Ortikov, on behalf of themselves and the FLSA Collective, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

163.    During the full statutory period, Mr. Seredenko, Mr. Ortikov, and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and applicable regulations thereunder.

164.    The FLSA requires covered employers, including Defendants, to compensate Bussers and Runners at a rate not less one and one-half times the federal minimum wage for all hours worked in excess of 40 hours in a workweek.

165.    Mr. Seredenko, Mr. Ortikov, and the FLSA Collective were not exempt from the requirement that their employer pay them overtime under the FLSA, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

166.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Mr. Seredenko, Mr. Ortikov, and the FLSA Collective at a rate not less one and one-half times the federal minimum wage for all hours worked in excess of 40 hours in a workweek.

167.    As a result of Defendants' failure to compensate Mr. Seredenko, Mr. Ortikov, and the FLSA Collective at a rate not less than one and one-half times the federal minimum wage for all hours worked in excess of 40 hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

168.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Mr. Seredenko, Mr. Ortikov, and the FLSA Collective in accordance with the FLSA.

169.    Defendants' violations of the FLSA have significantly damaged Mr. Seredenko, Mr. Ortikov, and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE NYLL: FAILURE TO PAY MINIMUM WAGES
***(On Behalf of the NYLL Class)***

170.    Plaintiffs, on behalf of themselves and the NYLL Class, here repeat and reallege the foregoing allegations as if set forth fully herein.

171.    Plaintiffs and the NYLL Class are employees under the NYLL and all other applicable statutes and regulations.

172.    Defendants are employers under the NYLL and all other applicable statutes or regulations.

173.    The NYLL requires covered employers, including Defendants, to pay Bussers and Runners at the State minimum wage for all hours worked under 40 hours in a workweek.

174.    Plaintiffs and the NYLL Class were not exempt from the requirement that their employer pay them the State minimum wage, and thus they are entitled to be paid at the State minimum wage for all hours worked under 40 hours in a workweek during the full statute of limitations period.

175.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs and the NYLL Class at the State minimum wage for all hours worked under 40 hours in a workweek.

176.    As a result of Defendants' failure to compensate Plaintiffs and the NYLL Class at the State minimum wage for all hours worked under 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

177.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the NYLL Class in accordance with the NYLL.

178.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY OVERTIME WAGES**
(*On Behalf of the NYLL Class*)

179.    Plaintiffs, on behalf of themselves and the NYLL Class, here repeat and reallege the foregoing allegations as if set forth fully herein.

180.    Plaintiffs and the NYLL Class are employees under the NYLL and all other applicable statutes or regulations.

181.    Defendants are employers under the NYLL and all other applicable statutes or regulations.

182.    The NYLL requires covered employers, including Defendants, to pay Bussers and Runners at the at a rate not less than one and one-half times the State minimum wage for all hours worked in excess of 40 hours in a workweek.

183.    Plaintiffs and the NYLL Class were not exempt from the requirement that their employer pay them at a rate not less than one and one-half times the State minimum wage for all hours worked in excess of 40 hours in a workweek, and thus they are entitled to be paid at one and one-half the State minimum wage for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

184.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs and the NYLL Class at one and one-half times the State minimum wage rate for all hours worked in excess of 40 hours in a workweek.

185.    As a result of Defendants' failure to compensate Plaintiffs and the NYLL Class at a rate of one and one-half times the State minimum wage for all hours worked in excess of 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

186.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the NYLL Class in accordance with the NYLL.

187.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: FAILURE TO PAY SPREAD OF HOURS
### (*On Behalf of the NYLL Class*)

188.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

189.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder, including, without limitation, the Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.1, *et seq*.

190.    The NYLL and/or applicable regulations thereunder require employers, including Defendants, to furnish each of their employees one additional hour of pay at the State minimum wage rate on each day during which the length of the interval between the beginning and end of the employee's work day, or "spread of hours," exceeds 10 hours.

191.    Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants provide them with spread of hours pay.

192.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide spread of hours pay.

193.    As a result of Defendants' failure to provide spread of hours pay to Plaintiffs and the NYLL Class, Defendants have violated, *inter alia*, the NYLL and/or applicable regulations thereunder.

194.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO FURNISH NOTICES OF PAY RATE**
*(On Behalf of the NYLL Class)*

195.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

196.    Plaintiffs and the NYLL Class are employees under the NYLL and all other applicable statutes or regulations.

197.    Defendants are employers under the NYLL and all other applicable statutes or regulations.

198.    The NYLL requires covered employers, including Defendants, to provide employees, "at the time of hiring, a notice containing the following information:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;  the regular pay day designated by the employer [ ];  the name of the employer;  any 'doing business as' names used by the employer;  the physical address of the employer's main office or principal place of business, and a mailing address if different;  the telephone number of the employer;  plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

199.    Plaintiffs and the NYLL Class were not exempt from the requirements that their employer provide them with Notices of Pay Rate.

200.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiffs and the NYLL Class.

201.    As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiffs and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

202.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide Notices of Pay Rate to Plaintiffs and the NYLL Class in accordance with the NYLL.

203.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover $50 for each work day the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO FURNISH ACCURATE**
**WAGE STATEMENTS**
***(On Behalf of the NYLL Class)***

204.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

205.    Plaintiffs and the NYLL Class are employees under the NYLL and all other applicable statutes or regulations.

206.    Defendants are employers under the NYLL and all other applicable statutes or regulations.

207.    The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following:  the dates of work covered by that payment of wages;  name of employee;  name of employer;  address and phone number of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage;  and net wages."

208.    Plaintiffs and the NYLL Class were not exempt from the requirement that their employer provide them with proper wage statements.

209.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide accurate wage statements.

210.    As a result of Defendants' failure to furnish accurate wage statements to Plaintiffs and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

211.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to furnish accurate wage statements, or any wage statements at all, to Plaintiffs and the NYLL Class in accordance with the NYLL.

212.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover $250 for each work day the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and NYLL Class, respectfully request as follows:

A.    Declare that the practices complained of herein are unlawful under applicable federal and State law;

B.    Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Mr. Seredenko and Mr. Ortikov with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and email

addresses of each such person, so Mr. Seredenko and Mr. Ortikov can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.      Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendants to provide Plaintiffs with a list of all members of the NYLL Class, including all last known, addresses, telephone numbers and email address of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

E.      Designate Plaintiffs as representatives of the NYLL Class, and their counsel of record, Faruqi & Faruqi LLP, as class counsel;

F.      Determine the damages sustained by Mr. Seredenko, Mr. Ortikov, and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Mr. Seredenko, Mr. Ortikov, and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

G.      Determine the damages sustained by Plaintiffs and the NYLL Class as a result of Defendants' violations of the NYLL and applicable regulations thereunder, and award those damages against Defendants and in favor of Plaintiffs the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiffs, the FLSA Collective, and the NYLL Class an additional amount as liquidated damages pursuant to the FLSA and NYLL because Defendants' violations were without a good faith basis;

I.      Award Plaintiffs, the FLSA Collective, and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

J. Grant Plaintiffs, the FLSA Collective, and the NYLL Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, hereby demand a trial by jury on all issues of fact and damages.

Date:  New York, New York         Respectfully submitted,
       January 3, 2019

                                  **FARUQI & FARUQI, LLP**

                                  By:   */s/ Innessa M. Huot*
                                        Innessa Melamed Huot
                                        Alex J. Hartzband
                                        Patrick J. Collopy

                                  685 Third Avenue, 26th Floor
                                  New York, NY 10017
                                  Telephone: 212-983-9330
                                  Facsimile:  212-983-9331
                                  ihuot@faruqilaw.com
                                  ahartzband@faruqilaw.com
                                  pcollopy@faruqilaw.com

                                  *Attorneys for Plaintiffs and the Proposed*
                                  *FLSA Collective and NYLL Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IGOR GEORGIEV, SANJAR ORTIKOV, and SEMEN SEREDENKO, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

ADSAD, LLC d/b/a ONEGIN RESTAURANT, ALEKSANDER SHAPIRO, and JACOB RIFKIN, in their individual and professional capacities,

Defendants.

Civil Case No.:

**CONSENT TO SUE**

I, Sanjar Ortikov, was employed by Defendants in the last three years and am a named Plaintiff in the above-entitled action, *Georgiev, et al. v. Adsad, LLC d/b/a Onegin Restaurant, et al.*, pending in the United States District Court for the Southern District of New York.

I hereby consent

to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Ave., 26th Fl., New York, NY 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): _Sanjar Ortikov_

Signature: _Artikov/Sanjar_            Date: _01/03/2019_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IGOR GEORGIEV, SANJAR ARTIKOV, and SEMEN SEREDENKO, on behalf of themselves and others similarly situated, | Civil Case No.: **CONSENT TO SUE** |
| Plaintiffs, | |
| v. | |
| ADSAD, LLC d/b/a ONEGIN RESTAURANT, ALEKSANDER SHAPIRO, and JACOB RIFKIN, in their individual and professional capacities, | |
| Defendants. | |

    I, Semen Seredenko, was employed by Defendants in the last three years and am a named Plaintiff in the above-entitled action, *Georgiev, et al. v. Adsad, LLC d/b/a Onegin Restaurant, et al.*, pending in the United States District Court for the Southern District of New York.  I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

    I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Ave., 26th Fl., New York, NY 10017, telephone number (212) 983-9330, as my attorneys.


Name (Print): _____Semen Seredenko_____


Signature: _____          Date: _____01.03.2019_____