UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────── x

IGOR GEORGIEV, SANJAR ORTIKOV, and
SEMEN SEREDENKO, on behalf of themselves
and others similarly situated,

       Plaintiffs,                                  Civ Case No.: 1 19-cv-00122-JPO

            v.                                **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF A MOTION TO VACATE DEFAULT JUDGEMENT**

ADSAD, LLC d/b/a ONEGIN RESTAURANT,
ALEKSANDER SHAPIRO, and JACOB
RIFKIN, in their individual and professional
capacities,

       Defendants.
───────────────────────────────── x

Defendant, Jacob Rifkin (hereinafter "Defendant"), moves the Court to vacate the default entered against him in consideration of the present papers.

## TABLE OF CONTENTS

SUMMARY OF FACTS ............................................................................................................. 1

ARGUMENT .............................................................................................................................. 1

    I.     Default is a Disfavored remedy and is to be Vacated for Good Cause ................
.................................................................................................................................... 1

    II.    There is Good Cause to Vacate the Default in the Instant Matter. ......................... 2

          A.    Defendant's default is neither Egregious or Deliberate Conduct and therefore not "Willful". ............................................................................. 2

          B.    There will be No Prejudice to Plaintiff if the Default Judgement is Vacated ...................................................................................................................... 3

          C.    The Movant's defenses are Meritorious and He Will Likely Prevail on the Merits............................................................................................................4

                1.    Defendant is not likely to be held individually liable for Plaintiff's federal wage claims................................5

                2.    Defendant has a meritorious defense to all state law wage claims, as no individual liabilities lie in an employee under state law. ....... 6

    III.   The Equities Favor Defendant. ................................................................................ 6

CONCLUSION............................................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996).............................. 1-4

*Andux v. Woodbury Auto Park, Inc.*, 30 A.D.3d 362, 362, 816 N.Y.S.2d 181 (2nd Dept., 2006)....6

*Cyril v. Neighborhood Partnership II Housing Dev. Und, Inc.*, 124 Fed.Appx. 26 (2d Cir 2005). ..................................................................................................... ..1-4, 6

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993)..................................1-4, 6

*Holland v. James*, 2008 WL 3884354 (S.D.N.Y. Aug. 21, 2008)..............................1-4, 7

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2nd Cir., 2013). ....................................................5

*Sai Qin Chen v. E. Mkt. Rest., Inc.*, No. 13 CIV. 3902 HBP, 2015 WL 5730014 (S.D.N.Y., 2015)...............................................................................................................5

**Statutes and Rules**

Fed. R. Civ. P. 55(c) .................................................................................................. 1, 2

29 USC 203.............................................................................................................5

## SUMMARY OF FACTS

On or about January 4, 2019, Plaintiffs filed a class or collective action naming three Defendants. The nature of the action was a wage and hour claim, and there were two individual and one corporate Defendants. Jacob Rifkin, the moving Defendant, was named in his "individual and professional capacities. On or about March 13, 2019, Plaintiffs filed a motion for a default judgement, and the motion was granted on or about October 2, 2019. The Compliant allege that Mr. Rifkin is a management level employee. The Complaint does not allege that Mr. Rifkin is in any part an owner, officer or director of the Plaintiff's employer.

## ARGUMENT

### I. Default is a Disfavored remedy and is to be Vacated for Good Cause

After entry of default, a defaulting party may move the court under Fed. R. Civ. P. 55(c) to vacate the default and permit the case to proceed for review on the merits. *See Cyril v. Neighborhood Partnership II Housing Dev. Und, Inc.*, 124 Fed.Appx. 26 (2d Cir 2005); *See also American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996); *See also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *See also Holland v. James*, 2008 WL 3884354 at *2 (S.D.N.Y. Aug. 21, 2008). Although vacating a default motion is within the discretion of the trial court, the Court's discretion is limited by the clear preference for disputes to be resolved on the merits, not by procedural means . As stated by the Court in *Enron*:

> [t]he circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits.

See *Enron*, 10 F.3d at 95.

Furthermore, even minor abuses of discretion in denying a motion to vacate a default

1

judgement are grounds for reversal:

> "we may reverse its exercise even where the abuse of discretion is not glaring." This limitation reflects the strong preference for resolving disputes on the merits.

> See *American Alliance*, 92 F.3d at 62 (internal citation omitted). As a result,

If any doubt exists as to whether a default judgement should be vacated, the doubt should be resolved in favor of the party moving to vacate:

> when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.

> See *Holland*, 2008 WL 3884354 at *2 (citing *Enron*).

## II.   There is Good Cause to Vacate the Default in the Instant Matter

The Court must determine whether a moving party has shown good cause for a default to be vacated. *See Enron*, 10 F.3d at 95; *Holland,* 2008 WL 3884354 at *2. In analyzing the "good cause" requirement, courts evaluate three factors:

> (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.

> See *Cyril*, 124 Fed.Appx. at 27; *American Alliance,* 92 F.3d at 59; *See also Enron*, 10 F.3d at 96; *Holland*, 2008 WL 3884354 at *2.

In the present case, each of these factors favors vacating the default.

### A.   Defendant's default is neither Egregious or Deliberate Conduct and therefore not "Willful"

Willfulness in the context of Fed. R. Civ. P. 55(c) may only be found where a movant acted egregiously or deliberately:

> A finding of willfulness requires "more than mere negligence," more than "mere administrative or clerical error," and more than "careless or negligent errors." . . . Willfulness may be found where

2

> there is "evidence of bad faith," or the default arose "from egregious or deliberate conduct."

See *Holland*, 2008 WL 3884354 at *2 (quoting *American Alliance,* 92 F.3d at 60-61).

In the present case, Defendant received service of process and immediately reported it to his employer, who he assumed would be providing a defense in the instant matter, and who indicated that they would do so. Rather than being willful or deliberate in defaulting or causing any delay, the Defendant, who is not a sophisticated businessman, assumed that he had done all that was necessary to preserve his defenses. His actions were the conduct of an individual who intended to preserve any and all defenses, not intended to introduce "undue delay-harassment," and so the Court cannot find that Defendant has acted willfully.

Defendant's actions clearly evidence the conduct of a person who intended to appear, and who relied on the statements and conduct of the business for which he worked. His actions were reasonable under the circumstances and taken in good faith, and it would be an offense to the spirit of justice if the Court were to deny his motion to vacate a default.

### B. There will be No Prejudice to Plaintiff if the Default Judgement is Vacated

The second factor the Court must analyze in considering Defendant's motion is to vacate is whether the Plaintiff's would be significantly prejudice. *See Cyril,* 124 Fed.Appx. at 27; *See also American Alliance,* 92 F.3d at 59; *Enron,* 10 F.3d at 96; *See also Holland,* 2008 WL 3884354 at *2.

It is well settled that delay alone is not "prejudice" in the context of a motion to vacate a default:

> delay alone is not a sufficient basis for establishing prejudice. Rather it must be shown that delay will result in the loss of

3

> evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion."

See *Holland*, 2008 WL 3884354 at *4 (internal quotation marks and citations omitted).

None of the types of prejudice summarized in *Holland* are present here. The Plaintiffs cannot point to any loss of evidence, any increased difficult in discovery, or any opportunity for fraud or collusion. To the contrary, there has been so little communication regarding the instant action that the Defendant relied upon his employer's representation that a defense would be mounted and assumed it to be the case. Therefore, vacating the default will not prejudice Plaintiff.

### C. The Movant's defenses are Meritorious and He Will Likely Prevail on the Merits

The third factor the Court must analyze in considering the motion is whether Defendant has a meritorious defense. *Cyril*, 124 Fed.Appx. at 27; *American Alliance*, 92 F.3d at 59; *Enron*, 10 F.3d at 96; *Holland*, 2008 WL 3884354 at *2. To prevail on this factor, the moving party need not prove its case, but instead merely show that its proposed defenses have sufficient merit to proceed:

> [t]o assess the meritorious defense factor, the Court analyzes "whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron*, 10 F.3d at 98 (citations omitted). On a motion to vacate the entry of default, the moving party "need not conclusively establish the validity" of the defense presented. *Davis*, 713 F.2d at 916.

*Holland*, 2008 WL 3884354 at *4.

In the present case, each and every allegation hinges upon the FLSA being stretched to the furthest reaches of individual liability available. However, the extent to which the

4

Plaintiff's seek to extend that liability is not supported by any current FLSA jurisprudence. Furthermore, Defendant has clear and incontrovertible defenses against State Labor Law claims, as the state labor law does not allow for any liability against a non-owner employee.

### 1. Defendant is not likely to be held individually liable for Plaintiff's federal wage claims

In order to be liable to Plaintiffs, Defendant must be considered an "employer" within the contemplation of the FLSA. *See* 29 USC 203; *See also Sai Qin Chen v. E. Mkt. Rest., Inc.*, No. 13 CIV. 3902 HBP, 2015 WL 5730014, at *7 (S.D.N.Y. Sept. 30, 2015). The definition of "employer" is met when the four factor "economic realities" test is satisfied. *See id.* The economic realities test considers whether:

> whether the alleged employer "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; (4) and maintained employment records." *Lauria v. Heffernan,* 607 F.Supp.2d 403, 409 (E.D.N.Y.2009).

*See Sai Qin Chen v. E. Mkt. Rest., Inc.*, id. at *7

Whether or not the economic realities test is met in an individual liability context is determined "...on a case-by-case basis by review of the totality of the circumstances." *See Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2nd Cir., 2013). The purpose of the economic realities test is to determine whether an individual exercises operational control of the company's employment of the specific plaintiffs in an action, not just operational control of the company. *See Irizarry*, 722 F.3d at 109. "...to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *See Irizarry*, 722 F.3d at 109.

In the instant matter, the Defendant did not exercise any operation control over the

5

Plaintiff's employment. The Defendant had no power to hire or fire the Plaintiffs, supervised employees but did not exercise any independent judgement with regard to conditions of employment, did not control any aspect of the rate or method of payment, and did not personally maintain any employment records. These were all done by the corporate defendants and corporate defendant ownership. Therefore, the Defendant has a meritorious defense to the allegations related to federal wage laws, and the default judgement should be vacated.

### 2. Defendant has a meritorious defense to all state law wage claims, as no individual liabilities lie in an employee under state law

Even if Plaintiff were to establish any individual liability in Defendant for any wage law claims, to which Defendant has meritorious defenses, the Plaintiff has no claim against Defendant individually for state labor law claims. *See Andux v. Woodbury Auto Park, Inc.*, 30 A.D.3d 362, 362, 816 N.Y.S.2d 181 (2nd Dept., 2006) (finding individual was not labile pursuant to Labor Law Article 6 for the obligations of the corporate Defendant).

## III. The Equities Favor Defendant

In addition to the "good cause analysis, the equities of vacating or failing to vacate a default judgement should be assessed. *See Enron*, 10 F.3d at 96; *Cyril*, 124 Fed.Appx. at 27.

In the present case, the equities are entirely in favor of Defendant. Denying the motion to vacate would result in an individual defendant being found and held liability for a state law claim which has no individual liability. Furthermore, it would deprive the Defendant of the opportunity to defend himself on the merits against unsupportable allegations of individual liability under federal wage laws, stretched to the utmost limit. This is exactly the reason why the Second Circuit has repeatedly stated a "preference for resolving disputes on the merits." *Enron*, 10 F.3d at

95; *and see Holland*, 2008 WL 3884354 at *2 ("defaults are generally disfavored and are reserved for rare occasions"). By contrast, not a single significant equity weighs in favor of Plaintiffs, who would obtain a judgement, in violation of state law, and under a dubious theory of individual liability under federal law, without any need for an offer of proof, against an unsophisticated, individual employee defendant who relied upon the statements of his employer that a defense would be entered for him.

## CONCLUSION

For the foregoing reasons, the Court should vacate the entry of default defendants and allow the case to proceed on the merits.

Dated: February 10, 2021

The Law Office of Michael L. Walker, Esq.

By: _____
Michael L. Walker, Esq.
Bar Roll No.: WA1010
Attorney for Petitioner
9052 Fort Hamilton Parkway
2nd Floor Suite
Brooklyn, NY 11209
(718) 680 9700