UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGOR GEORGIEV, *et al.*,

               Plaintiffs,

-v-

ADSAD, LLC, *et al.*,

               Defendants.

19-CV-122 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On January 4, 2019, Plaintiffs Igor Georgiev, Sanjar Ortikov, and Semen Seredenko filed a complaint bringing Fair Labor Standards Act and New York Labor Law claims against Defendants Adsad, LLC, Aleksander Shapiro, and Jacob Rifkin. (Dkt. No. 1.) Defendants received service of process but failed to appear or respond. (Dkt. No. 13.) On March 13, 2019, Plaintiffs moved for default judgment. (Dkt. No. 31.) Plaintiffs served the motion on Defendants, who again failed to appear or respond. (Dkt. No. 34.) The Court granted Plaintiffs' unopposed motion on April 3, 2019 (Dkt. No. 35), after which Plaintiffs served the Court's decision on Defendants (Dkt. No. 37). On October 2, 2019, the Clerk of Court entered final judgment in favor of Plaintiffs in the amount of $441,902.45. (Dkt. No. 48.)

On February 10, 2021, more than sixteen months after the final judgment, counsel appeared on behalf of Jacob Rifkin. (Dkt. No. 56.) Rifkin moved to vacate the default judgment against him, arguing that there is good cause for vacatur under Federal Rule of Civil Procedure 55(c). (Dkt. No. 58 at 2.) In support of his motion, Rifkin contends that he did not act "egregiously or deliberately" in failing to appear or respond to the complaint. (*Id.*) Instead, his failure to participate in the litigation was merely negligent and based on his faulty assumption that Adsad, LLC, his employer, would retain counsel for him. (Dkt. No. 58 at 3.) Rifkin further

1

contends that Plaintiffs would not be prejudiced by the vacatur of the default judgment and that he has a meritorious defense to Plaintiffs' claims. (Dkt. No. 58 at 4.)

Rifkin's motion is without merit. To start, Rule 55(c) is inapplicable. As Rule 55(c) explains, district courts "may set aside a final default judgment under Rule 60(b)," not Rule 55(c). The default judgment in this case is a final judgment, so Federal Rule of Civil Procedure 60(b) applies. And Rule 60(b) does not permit the Court to grant Rifkin relief. Although Rule 60(b)(1) provides for vacatur based on a party's "excusable neglect," any motion for vacatur on this basis must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c); *see also Triden Groupage v. Royal Coffee, Ltd.*, No. 94-cv-6065, 1996 WL 445356, at *4 (S.D.N.Y. Aug. 6, 1996) ("A court may not extend this one-year limitation."). Rifkin's motion is therefore time-barred.

It bears mention that Rule 60(b)'s catch-all provision at subsection (6), which permits district courts to grant relief for "any other reason that justifies [it]," is of no assistance to Rifkin. Rule 60(b)(6) "cannot be used to break out from the rigid time restriction" that applies to Rule 60(b)(1), *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967), in the absence of "exceptional circumstances" that prevented a party from taking advantage of Rule 60(b)(1) within the allowed one-year period, *id.*; *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963). Here, Rifkin received ample notice of the motion for default judgment and the entry of default judgment. *Cf. Radack*, 318 F.2d at 543 ("If notice was in fact sent, the motion to vacate should be denied"). Nothing deprived Rifkin of his ability to participate in this litigation or seek vacatur in a timely manner. Rifkin's choice to ignore the numerous postings

and mailings apprising him of the status of this case is not to the contrary.[1]  *See Pioneer Inv. Servs. Co. v. Bushwick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("If a party is partly to blame for the delay, relief must be sought within one year under subsection (1).").

For the foregoing reasons, Rifkin's motion to vacate the default judgment against him is DENIED.  His motion to reopen this case is also DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 57 and 59.

SO ORDERED.

Dated: May 17, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] In his affidavit in support of the present motion, Rifkin avers that he had "never been personally served with a copy of the Summons and Complaint." (Dkt. No. 57-2 ¶ 13.) This is a narrow representation that is consistent with Plaintiffs' various affidavits of service, which show that service of process was effected by leaving a copy of the summons and complaint with Rifkin's wife and that subsequent service was effected by mailing or posting the Court's orders and the certificate of default. (Dkt. No. 13; Dkt. No. 29; Dkt. No. 34; Dkt. No. 37; Dkt. No. 43.)