UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IGOR GEORGIEV, SANJAR ORTIKOV, and
SEMEN SEREDENKO, on behalf of themselves
and others similarly situated,                                    :   Index No.: 1:19-cv-122 (JPO)

                        Plaintiffs,

                    -against-

ADSAD, LLC d/b/a ONEGIN RESTAURANT,
ALEKSANDER SHAPIRO, and JACOB RIFKIN,
in their individual and professional capacities,

                        Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY

RIVKIN RADLER LLP
Attorneys for Defendant
JACOB RYVKIN s/h/a JACOB RIFKIN
477 Madison Avenue, Suite 410
New York, NY 10022-3338
212-455-9555

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

FACTUAL AND PROCEDURAL HISTORY ....................................................................3

BASIS FOR THE INSTANT APPLICATION ....................................................................4

CONCLUSION........................................................................................................................8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Augustin v. Nassau County Sherriff's Department (In re Nassau County Strip
    Search Cases),
    783 F.3d 414 (2d Cir. 2015) .................................................................................5, 6, 7

Bank of Am., N.A. v. New England Quality Serv.,
    2019 WL 10888179 (D. Vt. Oct. 24, 2019) ..................................................................7

Butler v. Ross,
    2017 WL 6210843 (S.D.N.Y. Dec. 7, 2017) ................................................................6

Dillon v. Chicago,
    866 F.2d 902 (7th Cir. 1988) ....................................................................................5, 6

DiMartile v. Cuomo,
    2020 WL 4877239 (N.D.N.Y. Aug. 19, 2020) .............................................................4

John Wiley & Sons, Inc. v. Book Dog Books,
    327 F. Supp. 3d 606 (S.D.N.Y. 2018) ..........................................................................6

LaRouche v. Kezer,
    20 F.3d 68 (2d Cir. 1994) .............................................................................................7

Moore v. Navillus Tile, Inc.,
    2017 WL 4326537 (S.D.N.Y. Sep't 28, 2017) .............................................................6

Neely v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the
    Elec. Indus.,
    2003 WL 21448872 (E.D.N.Y. June 24, 2003) ...........................................................7

Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs.,
    2004 WL 2734562 (S.D.N.Y. Nov. 23, 2004) .............................................................4

Xerox Corp. v. JCTB, Inc.,
    2019 WL 6000997 (W.D.N.Y. Nov. 14, 2019) ............................................................5

**Statutes and Other Authorities**

Fair Labor Standards Act and New York's Labor Law ................................................................3

Fair Labor Standards Act §§ 201 et seq. ......................................................................................1

Federal Rule of Appellate Procedure 8(a) ...................................................................................7

Federal Rule of Civil Procedure (8)(a)(1)(A) .............................................................................4

Federal Rule of Civil Procedure 62(b) .........................................................................1, 2, 5, 6, 7

Federal Rules of Civil Procedure Rule 62(b) ...........................................................................1, 5

New York Labor Law §§ 190 et seq. ...........................................................................................1

**PRELIMINARY STATEMENT**

In this action by plaintiffs, Igor Georgiev, Sanjar Ortikov, and Semen Seredenko (collectively the "Plaintiffs"), for damages under the Fair Labor Standards Act §§ 201 et seq. and New York Labor Law §§ 190 et seq., defendant, Jacob Ryvkin s/h/a Jacob Rifkin, submits this memorandum of law in support of his motion under Federal Rule of Civil Procedure 62(b) to stay any and all further proceedings to enforce the Judgment in this action – including disbursement of already frozen or restrained funds in defendant, Jacbob Ryvkin's s/h/a Jacob Rifkin ("Ryvkin") Citibank account – without the necessity of filing a bond or other security. Inasmuch as plaintiffs have already restrained – and Citibank debited and withdrawn – $620,200.78 from Ryvkin's bank account, significantly more than the total Judgment of $441,902.45 plus interest and associated costs, there are sufficient funds to pay the Judgment should Ryvkin not prevail on appeal, and a stay under Rule 62(b) without the need for a bond or further security is appropriate and warranted. Without a stay in place, the restrained funds can be disbursed at any moment which would effectively render Ryvkin's appeal moot, thereby depriving Ryvkin of his due process. Rykin also requests that any restraint on funds in excess of the Judgment and associated costs be lifted, and those funds returned immediately to Ryvkin's Citibank Savings Account.

Federal Rules of Civil Procedure Rule 62(b) provides that an appellant is entitled to a stay pending appeal by posting a bond. The purpose of the rule is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed. A district court may, however, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment. Under the particular facts of this case, it is respectfully requested that this Court exercise its discretion and grant a stay pending appeal without the need for a bond, as the Judgment is adequately secured by the funds that have already been frozen, and

1

are currently being held by, Citibank. The funds being held by Citibank are in excess of the income executions served on it in connection with the Judgment, thereby more than adequately protecting Plaintiffs' interests.

The Court of Appeals for the Second Circuit has enumerated certain criteria as factors that a district court may consider in determining whether to waive the bond requirement under Rule 62(b): (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. These criteria, in contrast to the traditional stay factors, more directly address the primary purpose of Rule 62(b): to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed.

A stay without a bond is appropriate and warranted under these criteria in this case, and this Court should waive the bond requirement in Rule 62(b). Plaintiffs have already restrained plaintiffs' bank account, and Citibank has frozen, withdrawn, and segregated funds in excess of the income executions served on it in connection with the Judgment. These funds are more than sufficient to secure the entire Judgment, should Ryvkin not prevail on appeal. Accordingly, the purpose and aims of Rule 62(b) will be met if a stay is granted without a further bond: Plaintiffs' recovery on their Judgment is secured should Ryvkin not prevail on appeal, and Ryvkin, the judgment debtor, is protected from risk of losing the funds in the account if he prevails on appeal. Again, without a stay, the restrained funds will be disbursed at any moment.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs commenced this action against Ryvkin, among others, asserting causes of action under the Fair Labor Standards Act and New York's Labor Law, alleging that defendants required them to work at defendant Onegin Restaurant without wages, and requiring them to rely only on tips for compensation. Plaintiffs also alleged that defendants did not provide them with any Notices of Pay Rate or wage statements.

Ryvkin was only an employee at Onegin, with only select and limited managerial duties. See Afft. of Jacob Ryvkin, Docket #57. Upon receiving the summons and complaint and notifying Onegin ownership of the same, he was directed to provide his copy of the summons and complaint to ownership, and was told that "they would take care of the defense of this matter as [he] was only an employee." See Ryvkin Afft., Docket #57. Specifically, Ryvkin was told that Onegin would procure an attorney who would file any required pleadings and responses, and enter an appearance on his behalf. See Ryvkin Afft, Docket #57. Onegin failed to do so causing Ryvkin to default in this action.

A clerk's certificate of default was issued against Ryvkin on February 6, 2019. See Docket #24. Plaintiffs moved for a default judgment, and this motion was granted on April 3, 2019. See Docket #35. Plaintiffs then moved for an award of damages, which was granted on October 1, 2019. See Docket #47.

On October 2, 2019, a Judgment was entered against defendants Aleksander Shapiro and Ryvkin in accordance with this Court's order dated October 1, 2019. The Judgment was in favor of plaintiff Georgiev in the amount of $95,602.29; in favor of plaintiff Ortekov in the amount of $77,822.53; in favor of plaintiff Seredenko in the amount of $156,385.78; and in favor of Plaintiffs' counsel in the amounts of $109,925.87 and $2,165.98 for attorney's fees and costs, respectively. See Docket #48.

3

Subsequently, Ryvkin moved to vacate the default judgment. By Order dated May 17, 2021, this Court denied Ryvkin's motion to vacate the default judgment entered against him, finding, *inter alia*, that the motion was untimely. On June 1, 2021, Ryvkin has filed a notice of appeal from this Order. See Docket # 70.

Ryvkin now brings this motion seeking a stay of any and all further enforcement of the Judgment in this case, including, but not limited to, removal or disbursement of any funds from his Citibank account pending the outcome of his appeal from this Court's Order denying his motion to vacate his default and the subsequently entered Judgment.[1] Rykin also requests that any restraint on funds in excess of the Judgment and associated costs be lifted, and those funds returned immediately to Ryvkin's Citibank Savings Account.

## BASIS FOR THE INSTANT APPLICATION

A stay pending appeal is an exercise of judicial discretion that depends on the circumstances of the particular case. See, e.g., DiMartile v. Cuomo, 2020 WL 4877239 (N.D.N.Y. Aug. 19, 2020). Under the particular and unique circumstances of this case, a stay is warranted without having to further post a bond because Plaintiffs have already restrained Ryvkin's Citibank account, and Citibank has already frozen and withdrawn funds from that account for imminent disbursement in excess of the Judgment. Thus, Plaintiffs' interests are already more than adequately protected should Ryvkin not prevail on his appeal.

---

[1] A District Court may exercise jurisdiction and grant a stay of its own order while an appeal is pending in order to preserve the status quo, provided that it does not further adjudicate the underlying merits involved in the appeal. Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., 2004 WL 2734562 (S.D.N.Y. Nov. 23, 2004). Indeed, a party must ordinarily move first in the district court for a stay of the judgment or order of a district court pending appeal. See FRAP (8)(a)(1)(A).

4

Federal Rules of Civil Procedure Rule 62(b) provides that an appellant is entitled to a stay pending appeal by posting a bond.[2] The purpose of the rule is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed. Augustin v. Nassau County Sherriff's Department (In re Nassau County Strip Search Cases), 783 F.3d 414 (2d Cir. 2015). As is relevant here, a district court therefore may, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment. Id.

In Augustin, the Court of Appeals for the Second Circuit adopted criteria enumerated by the Seventh Circuit as factors that a district court may consider in determining whether to waive the bond requirement under Rule 62:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Augustin, 783 F.3d at 417-18, quoting Dillon v. Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988). These criteria, in contrast to the traditional stay factors, more directly address the primary purpose

---

[2] It is subsection (b) of this rule which now provides the statutory authority for obtaining a stay of a judgment. When Rule 62 was amended in 2018, "[s]ubdivisions (a), (b), (c), and (d) of former Rule 62 [were] reorganized and the provisions for staying a judgment [were] revised." Fed. R. Civ. P. 62 advisory committee's notes to 2018 amendment. In particular, "Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Id. Fed. R. Civ. P. 62(b) now provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b), amended 2018. See Xerox Corp. v. JCTB, Inc., 2019 WL 6000997 (W.D.N.Y. Nov. 14, 2019).

of Rule 62(b): to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed.[3]

Here, as did the appellants in Dillon and Augustin, Ryvkin has demonstrated the existence of appropriated funds, "available for the purpose of paying judgments without substantial delay or other difficulty." As can be seen from the "other debit" entry on Ryvkin's February Citibank statement, Citibank froze and debited $624,200.78 from Ryvkin's account on February 2, 2021, in connection with the Judgment at issue. See Afft. of Jacob Ryvkin dated June 2, 2021, and Ex. "A" annexed thereto. Thus, applying the Augustin factors to these facts, there is no practical reason to require Ryvkin to post a bond or deposit funds in order to secure a Rule 62(b) stay pending appeal since the full amount of the Judgment has already been secured..

Indeed, because Plaintiffs have already cause the funds to be restrained from Ryvkin's bank account in excess of the Judgment, each of the first four factors set forth in Augustin militates strongly in favor of granting a stay and waiving the requirement to post a bond. For example, Plaintiffs have already reached the end of the collection process; all that needs to occur is for Citibank to disburse the restrained funds. Similarly, these funds, which would satisfy the Judgment, can be released and disbursed immediately upon order of the Court, should the order appealed from be affirmed. As such, this Court should have great confidence that there will be funds available to pay the Judgment in full should Ryvkin not prevail on appeal, and the amount restrained – $620,200.78— compels the conclusion that posting a bond would be a waste of money.

---

[3] The traditional four factors for a stay pending an appeal apply only when the judgment sought to be stayed is for injunctive or equitable relief. See, e.g., John Wiley & Sons, Inc. v. Book Dog Books, 327 F. Supp. 3d 606 (S.D.N.Y. 2018); Butler v. Ross, 2017 WL 6210843 (S.D.N.Y. Dec. 7, 2017); Moore v. Navillus Tile, Inc., 2017 WL 4326537 (S.D.N.Y. Sep't 28, 2017).

Ryvkin has effectively demonstrated there is an alternative method of securing the judgment while the appeal is pending; a method to which plaintiffs have already availed themselves.  See also Bank of Am., N.A. v. New England Quality Serv., 2019 WL 10888179 (D. Vt. Oct. 24, 2019) (granting stay under Augustin factors where the court was confident that the funds, which were frozen, would be available to pay the judgment if it was affirmed on appeal).

Because funds from Ryvkin's bank account in excess of the Judgment have already been restrained, a stay without a bond would still serve the dual aims and purposes of Rule 62(b): ensuring that the prevailing party will recover in full, if the order on appeal is affirmed, while protecting Ryvkin against the risk that payment cannot be recouped if the order is be reversed. Conversely, should a stay not be granted, the funds will almost certainly be disbursed from Ryvkin's account before Ryvkin's appeal is heard, thereby exposing Ryvkin to a significant risk that he will be unable to recoup these funds should he prevail on appeal.  This will serve to effectively render Ryvkin's appeal moot and would deprive Ryvkin of due process.

Should this Court deny Ryvkin's motion to stay without posting a bond, it is respectfully requested that this Court issue a temporary stay of all enforcement actions in order to allow Ryvkin to move for similar relief in the Court of Appeals under Federal Rule of Appellate Procedure 8(a). See Neely v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Elec. Indus., 2003 WL 21448872 (E.D.N.Y. June 24, 2003).

Finally, as part of its motion for a stay pending appeal, Rykin also seeks emergency relief in the form of an interim stay, essentially a temporary restraining order, while this motion is pending.  The standard for granting a TRO requires a finding of immediate and irreparable injury, but not a specific determination as to the merits.  See LaRouche v. Kezer, 20 F.3d 68 (2d Cir. 1994).  As detailed in Mr. Ryvkin's affidavit, Mr. Honig's emergency declaration, and in this

Memorandum of Law, the disbursement of funds that have already been removed from Mr. Ryvkin's account is imminent, and he would be unable to recover such should he prevail on appeal. As stated in Mr. Honig's declaration, should these funds be disbursed, Mr. Ryvkin's appeal would effectively be rendered moot. Because of the immediate and irreparable nature of the injury to Mr. Ryvkin, an interim stay is warranted while this Court decides Mr. Ryvkin's motion to stay further enforcement of the Judgment.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that this Court order a stay under Rule 62(b), without a bond, of further enforcement of the Judgment, including disbursal of funds debited from Ryvkin's Citibank account, pending the determination of Ryvkin's appeal from the order of this Court denying Ryvkin's motion to vacate a default and judgment entered against him.

Dated: New York, New York
       June 2, 2021

Respectfully submitted,

RIVKIN RADLER LLP
Attorneys for Defendant
Jacob Ryvkin s/h/a Jacob Rifkin

By: *Jeremy B. Honig*
_____
JEREMY B. HONIG (JBH-3407)

477 Madison Avenue, Suite 410
New York, New York 10022-3338
(212)-455-9555
Jeremy.Honig@rivkin.com

Of Counsel:

    Jeremy B. Honig
    Erez Glambosky
    Cheryl F. Korman
    Stuart M. Bodoff