UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

IGOR GEORGIEV, *et al.*,

                Plaintiffs,

        -v-

ADSAD, LLC, *et al.*,

                Defendants.

19-CV-122 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On June 2, 2021, Defendant Jacob Rifkin moved to stay the execution of the money judgment against him pursuant to Federal Rule of Civil Procedure 62(b).[1] Rule 62(b) establishes that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Assuming the Court approves the bond or other security provided, the party is entitled to a stay as a matter of right. *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009). Plaintiffs concede that Rifkin is entitled to a stay during the pendency of his appeal, to the extent that he provides adequate security. The parties, however, disagree as to how much security Rifkin must provide.

In 2019, Plaintiffs were awarded judgment in the amount of $441,902.45. (Dkt. No. 48.) With post-judgment interest, Rifkin and his co-defendants now owe $636,498.63. (Dkt. No. 78 at 1.) Due to Plaintiffs' efforts to enforce the judgment, Rifkin's bank has debited and removed $624,200.78 from Rifkin's savings account. (Dkt. No. 72 ¶ 10.) The $624,200.78 has yet to be disbursed to Plaintiffs. (Dkt. No. 72 ¶ 11.)

---

[1] Rule 62(b) was formerly Rule 62(d).

Rifkin contends that, because the amount restrained from his savings account exceeds the original judgment, he need not provide a bond; the restrained amount constitutes the requisite "other security." Plaintiffs demand a bond of at least $191,838.65, on top of the restrained funds, to account for the original judgment, Plaintiffs' actual and anticipated legal fees associated with their collection on the judgment, the post-interest judgment to date, and the post-interest judgment that will accrue if Rifkin's appeal takes two years. In total, Plaintiffs ask for security equal to $816,039.43.

The Court determines that a bond of $100,000, in addition to the restrained funds, would be more appropriate than either of the parties' proposals. First, Rifkin offers no reason to "depart from the usual requirement of [] full security . . . to suspend the operation of an unconditional money judgment." *Teachers Ins. & Annuity Ass'n of Am. V. Ormesa Geothermal*, No. 87-cv-1259, 1991 WL 254573, at *3 (S.D.N.Y. Nov. 21, 1991) (citation omitted). The restrained funds, standing alone, do not currently provide full security, and as post-judgment interest accrues, the restrained funds will become progressively worse as a safeguard for Plaintiffs' ability to collect on the judgment after appeal. *Gaus v. Conair Corp.*, No. 94-cv-5693, 2003 WL 542652, at *1 (S.D.N.Y. Feb. 14, 2003) (explaining that a bond "protects an appellee from the risks associated with delaying the enforcement of the judgment"). A bond is warranted. Second, Plaintiffs overestimate the probable duration of Rifkin's appeal and the costs associated with defending against the appeal. The issues on appeal are likely to be simple and few. The Court anticipates that the appeal may be resolved well before Plaintiffs' projected two years and adjusts Plaintiffs' proposed $191,838.65 bond downward to $100,000 — which reflects, roughly, one year of post-judgment interest (365 days x $108.96 daily interest = $39,770.40) combined with

the amount expended by Plaintiffs to oppose Rifkin's earlier motions to vacate the judgment and reopen the case ($61,082.50).

Accordingly, it is ordered that the judgment will be stayed upon Rifkin's provision of a $100,000 bond, in addition to the restrained $624,200.78 from his savings account.

SO ORDERED.

Dated: June 21, 2021
       New York, New York

                                            J. PAUL OETKEN
                                   United States District Judge